EDWARD B. WOLFF, Appellant, v. FAMOUS MUTUAL SAVINGS FUND & LOAN ASSOCIATION, Respondent.

St. Louis Court of Appeals, December 8, 1896.

1. **Recitals in Instrument:** EVIDENCE.  Recitals in an instrument executed by a party are *prima facie* evidence against him by way of admission, and conclusive evidence against him if the other contracting party, relying on such recitals, changes his position to his disadvantage.

2. **Deed of Trust, Release of, and Acceptance of Bond of Indemnity:** EFFECT OF RELEASE.  Where defendant, a loan association, released a deed of trust on real estate, given as security for the payment of a loan, and accepted a bond of indemnity conditioned that the principals would continue to pay the dues and interest on the loan until certain shares of stock, held by them in defendant company and pledged to the payment of the loan, matured, such release neither paid the amount of the loan, nor operated as a release of defendant's lien on the stock.

3. **Bond of Indemnity:** LIABILITY OF SURETY FOR DEFAULT OF PRINCIPALS IN PAYMENT OF INTEREST.  Where, by the terms of such bond, the surety and stock pledged by him as additional security was bound only for the payment of the principals' dues on such loan until the maturity of their stock, the court erred in holding him liable for the nonpayment by them of the interest on said loan.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED (*with directions*).

*R. T. Stillwell* and *Hiram J. Grover* for appellant.

From the facts pleaded in defendant's answer and counterclaim, it fully appears that the bond and other alleged contract, on which it was sought to hold plaintiff liable, were and are null and void as against public policy. *Messer v. Adler*, 86 Mo. 445; *St. Louis A. & M. v. Delano*, 108 *Id.* 217. See, also, *Robards v. Samuel*, 17 Mo. 555, 556.

In this state the lack of consideration of any bond or specialty may be set up as a defense in a suit on such bond or specialty. R. S. 1889, sec. 2090.

*F. J. McMaster* for respondent.

The finding of the court is supported by the evidence, and this court will not interfere with that finding. *Krider v. Milner*, 99 Mo. 145.

The recitals in the bond executed by plaintiff are the best evidence. *Carver v. Jackson*, 4 Pet. 83; *Bower v. McCormick*, 23 Gratt. 329; *Ball v. Hancock*, 82 Ky. 111; *Schlicker v. Gordon*, 19 Mo. App. 474.

ROMBAUER, P. J.—The plaintiff's petition states that he is the holder of thirty shares in the defendant corporation of a surrender value of $780; that under the terms of defendant's charter it is bound to pay to him the surrender value of such stock upon his withdrawal from the association; that the plaintiff owes to the defendant $500 as surety on a bond of indemnity; that he has tendered his stock for surrender, and demanded that the defendant pay to him the difference between his liability on the bond and the surrender value of his stock, and that it do cancel his bond, all of which the defendant declines to do, wherefore he prays judgment, etc.

The defendant's answer states that it owes plaintiff nothing, but that the plaintiff is indebted to it in the manner hereinafter stated.    The answer alleges that plaintiff's stock was pledged by his bond to secure the performance of a contract entered into by the defendant and plaintiff's principals; that plaintiff's principals owe to the defendant on the contract $1,400, wherefore defendant prays that he be authorized to apply the value of plaintiff's stock to the part payment of such indebtedness, and also have judgment against the plaintiff for the penalty of said bond, with award of execution for the full penalty.    The new matter in the answer is denied by reply.

The cause was tried by the court without a jury. Whether it was tried as a cause in equity or at law, does not clearly appear, the decree or judgment being a jumble of both kind of reliefs.    The court made a finding as in equity, and its judgment or decree recites that plaintiff's principals are indebted to the defendant in the sum of $1,337, it then forfeits the plaintiff's bond, with award of execution for the full amount of the penalty, finds that defendant has in its possession $780, the surrender value of the stock, and decrees that that amount be applied to plaintiff's total indebtedness to the defendant.    From this judgment the plaintiff appeals and assigns for error that the judgment was not warranted by the pleadings and evidence and that the bond executed by the plaintiff was without consideration, and was illegal and void, being against the policy of the statute on the subject of savings fund and loan associations.    We do not find anything in the plaintiff's briefs or assignments of error that goes to the mere form of the judgment.    The complaint relates to its substance.

The defendant's theory upholding the substance of the judgment, rests upon the proposition that the

evidence establishes the following facts: John H. Clements and Lillie M. L. Clements were the owners of seventy shares in the defendant association, and borrowed from the defendant $14,000. As security for such $14,000 they pledged their shares to the association and executed a deed of trust on certain real estate. On the sixteenth day of June, 1893, they were anxious to have their real estate released from the above incumbrance, and to secure that end they executed to the defendant the bond hereinafter recited, with the plaintiff as their surety.

The plaintiff had an independent interest in the transaction, as he was expecting large commissions for securing to his principals a new loan on the real estate to be released, and by the bond in question pledged to the defendant thirty shares of his own stock in the association, and entered into an additional obligation in the penal sum of $500, to the effect that his principals would continue to pay the dues and interest on their loan, until the shares of the association matured; that is, each share was fully paid to its value of $200, making their aggregate equal to the amount of the loan, to wit, $14,000. The defendant further claims that the evidence shows that plaintiff's principals defaulted in the payment of dues and interest at a time when their shares fell $1,337 short of their full paid value, and hence plaintiff owes to defendant that amount as far as the pledge of his stock and the penalty of his bond will discharge it. It will be thus seen that if the defendant's claim is correct, the plaintiff has not been substantially injured by the judgment or decree of the court. On the other hand, the plaintiff claims that the bond is void, because it is contrary to the policy of the statute. If not void, the plaintiff's liability thereunder is limited to the penal sum of $500, and that there is no evidence in the record on which the plaintiff's liability

could be extended beyond that sum, as the original contract of loan entered into by defendant with plaintiff's principals is not in evidence. The plaintiff also claims in his supplemental brief that the pleadings disclose that such loan was repaid to the defendant, all but the sum of $1,400, for which the shares of plaintiff's principals furnish ample security. He also claims that in no event does the evidence furnish any warrant for holding him responsible not only for the nonpayment of the dues to defendant on the shares of his principals, but also for the nonpayment by them of interest on said loan, and that there is nothing in the record to show how much of the default of his principals found by the court consisted of dues and how much of interest.

The bond on which the entire controversy hinges is set out in full in plaintiff's petition, and is in words and figures as follows:

"*Know all men by these presents*, That we, John H. Clements and Lillie M. L. Clements, all of the city of St. Louis and state of Missouri, are held and firmly bound unto the Famous Mutual Saving Fund Loan and Building Association of St. Louis, a corporation, in the sum of five hundred (500) dollars, in lawful money of the United States of America, to the said association, its successors or assigns, to the payment of which, well and truly to be made we do bind ourselves, our heirs, executors and administrators firmly by these presents, sealed with our seals and dated this the 16th day of June, A. D. 1893. The condition of the above obligation is such that, whereas, the said John H. Clements and Lillie M. L. Clements, were on the 29th day of June, A. D. 1887, the owners and holders of seventy shares of Series No. 1 of the capital stock of said association.

"*At their request said association did on the 29th day of June, A. D. 1887, loan to said John H. and Lil-*

*lie M. L. Clements the sum of fourteen thousand ($14,000) dollars, secured by seventy (70) shares of said capital stock and a lot of ground in city block 4584 in the city of St. Louis, containing fifty (50) feet front on the south line of Washington avenue, and whereas;*

"*Said John H. and Lillie M. L. Clements in consideration of such loan agreed thereafter to pay said association the sum of one dollar on each share of said stock on the second Monday of each month, and on the same day the sum of seventy ($70) dollars as interest on said loan such payments to continue until each share of said seventy (70) shares shall be worth on the books of said association the sum of two hundred ($200) dollars each; and whereas said Edward B. Wolff has transferred to said association thirty (30) shares in Series No. 4 of its capital stock now owned by him, as security for payment of any sum or sums of money that may be necessary to make said seventy (70) shares worth on the books of said association the sum of two hundred ($200) dollars each, and whereas:*

"Said association has released on the records said deed of trust hereinbefore mentioned; now therefore,

"If the said John H. Clements and Lillie M. L. Clements and Edward B. Wolff, shall pay or cause to be paid to said association any and all sums of money that may be necessary to be paid in order to make said seventy (70) shares of stock worth on the books of said association, the sum of two hundred ($200) dollars each, then this obligation shall be void, otherwise it shall remain in full force and effect."

The first question for our consideration is, do the recitals in the bond which we italicized, furnish evidence sufficient to establish against the plaintiff the facts therein recited. That the recitals in an instrument executed by a party are always *prima facie* evidence against him by way of admission, is an elementary proposition. They may even be conclusive evidence against him if

the other contracting party in reliance upon such recitals changed his position to his disadvantage. 1 Greenleaf, Ev., secs. 26, 211, 285; Bigelow on Estoppel, 366; *Bower v. McCormick*, 23 Gratt. 210; *Bank of Kentucky v. Vance*, 4 Littell, 172; *Carver v. Jackson*, 4. Pet. 1. We take it therefore that plaintiff's contention that the judgment was unwarranted because there is no evidence to support any part of it, is untenable.

We can not conceive what the plaintiff means by charging that the bond was against the policy of the statute, and hence void. Under its construction, as claimed by the defendant, it guaranteed that the Clements would pay the dues on their stock which after the release of the real estate from defendant's lien was the only security which defendant held for its loan of $14-000. This did not deprive the Clements from paying up their stock at any time, which would be tantamount to the payment of their loan, and of withdrawing from the association. There is no pretense in the evidence that they ever attempted to do so. All the evidence is to the effect that long before the stock became full paid, they ceased to pay any dues thereon, and ceased to pay the interest on their loan, and that this resulted in the shortage of $1,337 difference between the loan and value of security, which the defendant now seeks to recover from the plaintiff. We are pointed to no statutory provision which would render the contract between plaintiff and defendant illegal, and the cases cited by plaintiff in support of this point have certainly no application whatever.

The pleadings and evidence do not support the plaintiff's contention that the loan of $14,000 is shown to have been fully paid at the date when the bond was executed, and hence the bond lacks consideration. It is true that the answer claims that there is only $1,400 due to the defendant, and that this amount is much

less than the admitted value of the Clements stock at the date of their default. It is evident, from the whole answer, as well as from the admissions of plaintiff's counsel upon the trial, that such amount was due over and above the value of the Clements stock, which was the primary security which the defendant was bound to exhaust before it could look to plaintiff for reimbursement. The defendant's release of its lien on the real estate neither paid the Clements debt, nor did it operate as a release of defendant's lien on the Clements stock. The bond was executed for the very purpose of making the latter security adequate for the loan.

This brings us to the last contention of the plaintiff, namely, that the judgment is not warranted *in amount* by the evidence. The plaintiff claims in a supplemental brief that the $1,337 which the court found was due on the Clements stock consisted of both dues on the stock and interest on the loan. This contention finds support in the averments of the defendant's answer, "That there is now due defendant from said John H. and Lillie M. L. Clements on account of said loans on said stock *and interest on said loan* the sum of $1,400 as aforesaid." This allegation of the answer was an admission on part of the defendant that this amount due to it by the Clements was due both on account of dues on the stock *and* interest on the loan. That such was the case in all probability further appears from the fact that the evidence strongly tends to show that the stock of the association became fully paid up in less than one year after the execution of the bond, and that the dues of the Clements, which amounted to $70 per month, could not, within that time, run up to $1,337. One of the defendant's witnesses, among other things, testified: "Thirteen hundred and thirty-seven dollars, that is the amount Mr. Clements did *owe* at the time of the maturity of the association." Plaintiff's counsel,

during the trial, stated the amount of liability of Mr. Clements on account of bond and stock at the time in the association was $1,337.

We are of opinion that the court was not authorized in view of the admissions of the answer to find from these loose and indefinite declarations which, to say the least, admit of a double meaning, that there was $1,337 due *for dues on the stock alone*, exclusive of interest on the loan. We are clear that the plaintiff's bond and contract binds him and his pledged stock to the payment of the Clements dues until the maturity of the stock and not to the payment of interest on the Clements loan. The defeasance clause of the bond admits of no other legal construction. There are no equities against a surety. He has a right to rely on the strict letter of his obligation. For this reason alone the judgment must be reversed.

The judgment is reversed and the cause remanded for the *sole* purpose of having the trial court ascertain what amount in dues on the Clements stock accruing subsequent to the time the Clements defaulted in the payment thereof, would bring their stock up to the par value of $200 a share, and having ascertained that fact to make judgment accordingly. The defendant is entitled to relief against the plaintiff to that extent and no greater. The account must disregard the question that the Clements were indebted to the defendant for interest on their loan besides dues on their stock. All the judges concur.